<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

BRIAN RUSH,                    :
                               :     Civil Action No. 07-3545 (RMB)
              Plaintiff,       :
                               :
         v.                    :           **O P I N I O N**
                               :
GEORGE HAYMAN, et al.,         :
                               :
              Defendants.      :

**APPEARANCES:**

> Brian Rush, Plaintiff <u>pro se</u>
> #301231
> Riverfront State Prison
> P.O. Box 9104
> Camden, New Jersey 08101

**BUMB**, District Judge

Plaintiff Brian Rush, a state prisoner currently confined at the Riverfront State Prison, Camden, New Jersey, seeks to bring this action <u>in forma pauperis</u>.  Based on Plaintiff's affidavit of indigence and his prison account statement, it appears that he is qualified to proceed as an indigent.  Therefore, the Court will grant the application to proceed <u>in forma pauperis</u> and direct the Clerk of the Court to file the petition without pre-payment of the filing fee.

Having reviewed the complaint to identify cognizable claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court

concludes that the complaint should be dismissed for failure to state a claim.

## BACKGROUND

The following factual allegations are taken from the complaint and are accepted as true for purposes of this review.

The Statement of Claims in Plaintiff's complaint is somewhat convoluted.  However, it appears that Plaintiff had an "open sex charge" and that on September 9, 2003, he "saw classification" and was classified as a "sex offender."  He has been called a sex offender by a number of named defendants, since his first classification review and annually since September 9, 2003.  He states that he has been defamed by the sex offender classification and that he suffers psychological harm due to the classification.  (Complaint, ¶ 6).

However, Plaintiff also notes: "Through painstaking writing I was relieved of this incorrect status of a sex offender, but now I have been denied all reduced custody status as what appears to be punishment for seeking to correct my classification records."  (Complt., ¶ 5).

Plaintiff asks for monetary relief for "psychological abuse suffered," to "hold those responsible for defamation of [his] character," and that he wants "retroactive reduced custody credits and the state pay and my full min[imum] status."  (Complt., ¶ 7).

2

## DISCUSSION

**A.**   **Standard for *Sua Sponte* Dismissal**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint or petition in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se action, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can

3

prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. See Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable).

**B.   Section 1983 Claims**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

4

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

## C.   **Due Process Claim**

Liberally construing the complaint, Plaintiff alleges that his due process rights were violated by being classified as a sex offender.

With respect to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Hewitt v. Helms, 459 U.S. 460, 468 (1983) and Sandin v. Conner, 515 U.S. 472, 480 (1995).

It is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or a place of confinement. See Wilkinson v. Austin, 545 U.S. 209, 125 S.Ct. 2384, 2393 (2005)(the

5

Constitution does not give rise to a liberty interest in avoiding transfers to more adverse conditions of confinement); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montayne, 427 U.S. at 243; Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976).  Moreover, the custody placement or classification of state prisoners within the state prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts."  Meachum, 427 U.S. at 225.

Governments, however, may confer on inmates liberty interests that are protected by the Due Process Clause.  "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484.

Here, New Jersey regulations provide specific eligibility criteria for reduced custody consideration, pursuant to N.J.A.C. 10A:9-4.6.  Inmates must meet the specific criteria set forth in the regulation to be eligible for full minimum custody status.  This regulation expressly excludes certain inmates from consideration for reduced custody status based on whether they

have out-of-state, New Jersey, or federal open charges against them on enumerated crimes.   See N.J.A.C. 10A:9-4.6.

Thus, in this case, the decision to transfer an inmate to minimum custody status is committed to the sound discretion of the defendants based upon the facts of Plaintiff's particular case.   In general, the regulation gives defendants broad discretion, but there are certain circumstances that clearly limit this discretion in such a way that undermines any suggestion that a reduced custody status could reasonably be expected.   Consequently, the language of this regulation does not create a reasonable expectation of entitlement to a reduced custody status sufficient to create a liberty interest.   See Olim, 461 U.S. at 249; Franklin v. Barry, 909 F. Supp. 21, 29 (D.D.C. 1995).   Further, denying reduced custody status because of Plaintiff's "open sex charge" would not be an "atypical and significant hardship" sufficient to call for protection by the Due Process Clause.   See Sandin, 515 U.S. at 484-86.

Here, Plaintiff alleges that he has had the sex offender classification removed.   He does not allege that the conditions under which he was/is confined present "atypical and significant hardships."   Thus, Plaintiff cannot establish any deprivation of his liberty interests under the Due Process Clause.   Moreover, the defendants' discretion, pursuant to state prison policy and regulation is reasonably related to the State's legitimate

7

governmental interest in managing its prison and jail facilities and maintaining security and administrative order.  Thus, Plaintiff's claim will be dismissed.

Further, Plaintiff's claim for retroactive credits must be dismissed.  In a series of cases beginning with <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In <u>Preiser</u>, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  <u>See id.</u> at 476. The prisoners did not seek compensatory damages for the loss of their credits.  <u>See id.</u> at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  <u>Id.</u> at 500.

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in <u>Preiser</u>, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of

8

relief not available through a habeas corpus proceeding.  Again,
the Court rejected § 1983 as a vehicle to challenge the
lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or for
> other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence
> has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into
> question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or sentence
> that has <u>not</u> been so invalidated is not cognizable
> under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted).  The Court further
instructed district courts, in determining whether a complaint
states a claim under § 1983, to evaluate whether a favorable
outcome would necessarily imply the invalidity of a criminal
judgment.  See id. at 487.  The Court further held that "a § 1983
cause of action for damages attributable to an unconstitutional
conviction or sentence does not accrue until the conviction or
sentence has been invalidated."  Id. at 489-90.

      Here, Plaintiff's request that credit be applied to his
sentence affects the duration of his sentence and challenges the
fact of his current confinement.  Thus, in accordance with
Preiser, their claims must be brought in a habeas petition
pursuant to 28 U.S.C. § 2254, after exhaustion of state court
remedies.  Likewise, Plaintiff's request for monetary damages is

barred by <u>Heck</u>, until Plaintiff receives a favorable outcome in his habeas case or otherwise has his claims adjudicated in his favor.  Accordingly, Plaintiff's claim is not cognizable at this time and must, therefore, be dismissed.

D.    <u>Retaliation</u>

Plaintiff claims that he has "been denied all reduced custody status as what appears to be punishment for seeking to correct my classification records."  (Complt., ¶ 5).  Liberally construing the complaint, Plaintiff asserts a retaliation claim.

To prevail on a retaliation claim, a plaintiff must demonstrate that (1) he engaged in constitutionally-protected activity; (2) he suffered, at the hands of a state actor, adverse action "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights;" and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action.  <u>See</u> <u>Rauser v. Horn</u>, 2001 WL 185120 (3d Cir. 2001) (quoting <u>Allah v. Seiverling</u>, 229 F.3d 220, 225 (3d Cir. 2000)); <u>see</u> <u>also</u> <u>Anderson v. Davila</u>, 125 F.3d 148, 160 (3d Cir. 1997) (citing <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274 (1977)); <u>Thaddeus-X v. Blatter</u>, 175 F.3d 378, 386-99 (6th Cir. 1999), <u>cited with approval in</u> <u>Allah</u>, 229 F.3d at 225.

Plaintiff's allegations of retaliation are completely conclusory, failing to identify any protected activity or any

10

particular adverse action.  Plaintiff has failed to state a claim
for retaliation.

**E.   Psychological Damage**

    Plaintiff claims that he has been caused to suffer
psychological damage due to his classification as a sex offender.
He does not allege any physical injury due to the classification.

    Despite Plaintiff's claims of psychological damage, "[n]o
Federal civil action may be brought by a prisoner confined in a
jail, prison, or other correctional facility, for mental or
emotional injury suffered while in custody without a prior
showing of physical injury."  42 U.S.C. § 1997e(e).  As Plaintiff
has not asserted any physical injury, his claims for damages for
psychological and emotional impairment must be dismissed.  See
Allah v. Al-Hafeez, 226 F.3d 247, 250-51 (3d Cir. 2000).

**F.   State Law Defamation Claim**

    Plaintiff states that his character has been defamed by the
defendants due to his classification as a sex offender.

    Pursuant to 28 U.S.C. § 1367(c)(3), where a district court
has dismissed all claims over which it has original jurisdiction,
it may decline to exercise supplemental jurisdiction over a
related state law claim.  The Court of Appeals for the Third
Circuit has held that, where all federal claims are dismissed
before trial, "the district court must decline to decide the
pendent state claims unless considerations of judicial economy,

11

convenience, and fairness to the parties provide an affirmative justification for doing so."  <u>Hedges v. Musco</u>, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted).  As no such extraordinary circumstances appear to be present, this Court will decline to exercise jurisdiction over Plaintiff's pendent state defamation claim and will dismiss such claims without prejudice.

<u>CONCLUSION</u>

For the reasons set forth above, the Complaint will be dismissed, with prejudice, for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1).  It does not appear that Plaintiff could cure the defects in his pleading by amendment.  An appropriate Order follows.

RENÉE MARIE BUMB
United States District Judge

Dated: August 22, 2007